**Slip op. 04-62**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| |
|---|
| Norsk Hydro Canada Inc.,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES,<br><br>      Defendant<br><br>      and<br><br>US Magnesium LLC,<br><br>      Defendant-Intervenor. |

BEFORE: POGUE, JUDGE

Court No. 03-00828

**ORDER**

WHEREAS, in this matter, on January 27, 2004, this Court issued a preliminary injunction against liquidation of entries of pure magnesium and alloy magnesium from Canada "during the pendency of this litigation," and

WHEREAS Plaintiff has by Motion requested that this Court clarify its preliminary injunction to specify that said injunction remains in effect "during any appeals and/or remands," and

WHEREAS 19 U.S.C. § 1516a(c)(2) provides that this Court may enjoin said liquidation "upon a request by an interested party for such relief and a proper showing that the requested relief should be granted under the circumstances...", and

WHEREAS the parties agree that injunctive relief should be granted under the circumstances, and

WHEREAS Defendant's sole objection to the requested relief is to the duration of said relief, as continuing through any appeals and/or remands, and

WHEREAS 19 U.S.C. § 1516a(e)(2) provides that "entries, the liquidation of which was enjoined under subsection (c)(2) of this

section, shall be liquidated in accordance with the final Court decision in the action" if the action is sustained, and

WHEREAS, Plaintiff has requested that this Court take note of subsequent authority issued after the January 27, 2004 preliminary injunction in this matter, specifically Yancheng Baolong Biochemical Prods. Co. v. U.S., slip op. 04-42 (CIT April 28, 2004), and SKF USA Inc. v. U.S., slip op. 04-14 (CIT Feb. 18, 2004), and

WHEREAS the relief requested by the Plaintiff will serve the interest of judicial economy and efficiency by maintaining the status quo pending the conclusion of this litigation without requiring further action by the Court, and

WHEREAS Defendant has neither alleged nor shown any prejudice resulting from the requested relief, NOW THEREFORE,

Upon consideration of the Notice of Subsequent Authority and Motion to Clarify the Preliminary Injunction filed by Norsk Hydro Canada Inc. ("NHCI"), it is hereby:

ORDERED that NHCI"s motion to clarify the preliminary injunction is GRANTED; and it is further

ORDERED that Defendant, the United States, together with the delegates, officers, agents, servants, and employees of the United States Department of Commerce and the United States Bureau of Customs and Border Protection, shall be, and hereby are, ENJOINED, during the pendency of this litigation (including any appeals and/or remands) and until entry of final judgment by this Court in this litigation, from liquidating or causing or permitting liquidation of any unliquidated entries of pure magnesium and alloy magnesium from Canada that:

(1)  were exported by NHCI;

(2)  are covered by Pure Magnesium and Alloy Magnesium from Canada: Final Results of Countervailing Duty Administrative Review, 68 Fed. Reg. 53,962 (Dep't Commerce September 15, 2003) ("Final Results");

(3)  were entered, or withdrawn from warehouse, for consumption, during the period January 1, 2001 through December 31, 2001; and

(4)  remain unliquidated as of 5 o'clock p.m. on the fifth business day after the day upon which copies of the

Order are personally served by Plaintiff upon the following individuals and received by them or by their delegates:

Ann Sebastian
Import Administration, International
    Trade Administration
U.S. Department of Commerce
14th Street and Pennsylvania Ave., NW
Washington, DC 20230;

Hon. Robert C. Bonner, Commissioner of
    Customs
Attn: Alfonso Robles, Esq. Chief Counsel
U.S. Bureau of Customs and Border
    Protection
1301 Constitution Ave., NW, Rm. 3305
Washington, DC 20004; and

Stephen C. Tosini, Esq.
Commercial Litigation Branch, Civil
    Division
United States Department of Justice
1100 L Street, NW, Suite 11064
Washington, DC 20530

and it is further

ORDERED that the entries subject to this injunction shall be liquidated in accordance with the final court decision in this action, as provided in 19 U.S.C. § 1516a(e).


                          /s/ Donald C. Pogue, Judge
                            Donald C. Pogue, Judge


Dated:    June 8, 2004
          New York, New York